## BIJOU v. LONG.
### No. 17456.
Court of Appeal of Louisiana.   Orleans.

Jan. 27, 1941.

Rehearing Denied Feb. 10, 1941.

Julius C. Pearlstine, of New Orleans, for appellant.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit grows out of an intersectional collision between a Hupmobile, owned and operated by Bernard Devezen, in which the plaintiff, Joseph Bijou, was a passenger, and a Chevrolet owned by the defendant, Joseph M. Long, Sr., and, at the time of the accident, driven by his son with his permission. The accident occurred on the 21st day of October, 1939, at about 12:20 a. m. at the intersection of Orleans and Galvez Streets, in the city of New Orleans.

The plaintiff, an emancipated minor, eighteen years of age, alleges that the Hupmobile, in which he was riding along Orleans Street in the direction of Lake Pontchartrain, was suddenly struck on the left rear side by defendant's Chevrolet when it had reached the center of the intersection of Orleans and Galvez Streets; that the speed of the Hupmobile did not exceed twenty miles per hour, while that of the defendant's Chevrolet was approximately forty miles per hour, and that the accident was caused by the excessive speed of defendant's car and its failure to slacken its speed as it approached or to stop as it reached the intersection. The sum of $1,590 is claimed for damages due to physical injuries and for loss of earnings suffered by the plaintiff.

The defendant denied responsibility for the accident, averring that his son was driving his Chevrolet automobile at a moderate speed and with all proper precaution; that he stopped at the intersection in compliance with a stop sign and generally that he was in nowise responsible for the accident. In the alternative, it is averred that the plaintiff was guilty of contributory negligence "in that the petitioner herein admits that the said automobile of the defendant herein was being driven at a rate of speed of forty miles per hour and does not allege that he made any attempt to bring it to the attention of the driver of his car, and further, for the reason that he was riding in an automobile when he knew the headlights were not in operating condition and were out at the time the accident occurred."

Since the plaintiff in this case was a passenger, his right to recover is not affected by the negligence of the driver of the automobile in which he was riding, but is dependent upon proof of negligence of the driver of the defendant's automobile, putting aside for the moment any consideration of the plea of contributory negligence.

The judge, a quo, in his reasons for judgment, said "This court does not believe that the plaintiff has sustained the burden of proof to show that there was any negligence on the part of Long in operating the car" and that "the evidence offered by the defendant is that they (the Long car) came to a complete stop at Galvez and Orleans; that is not contradicted by any of plaintiff's witnesses". However, the court is mistaken in saying

that no witness testified to the failure of the Long car to stop at the intersection, for the witness Lawyel Khaton, who is without any apparent interest in the controversy, testified: "I seen the car (defendant's) coming out from Galvez, coming out speeding, and they had one coming from Orleans Street; this one coming from Galvez had the stop sign, but he didn't stop, he came on across, and the other car was half way across, and this car coming through Galvez caught it on the back and hit it."

As against this evidence, however, we find that the three occupants of the defendant's automobile, Joseph Long, Jr., John J. Moncada and Dorothy Germier, testified that it stopped at the intersection and proceeded slowly across. The plaintiff and his driver, Bernard Devezen, did not see the Chevrolet until a moment before the collision, therefore, they are unable to say whether it stopped at the intersection or not.

The most that can be said concerning the conduct of the driver of the Long car with respect to the stop sign at Orleans Street, is that the question is left in doubt by the evidence. Since the trial court has resolved this doubt in favor of the defendant, we do not feel justified in disturbing its finding. We conclude, therefore, on this point, that the Long car did stop at the intersection.

It may be said, however, that if the Long car had stopped at the intersection, its driver should have seen the Devezen car and that he should have been able to stop his car in time to prevent the accident. This point would be very serious under normal circumstances, but if the Devezen car had no headlights burning, as is claimed by the defendant, the driver of the Long car might be excused for his failure to see it approaching the intersection in time to avoid contact with it, notwithstanding the fact that there was a street lamp at the intersection, because the approaching automobile would be in darkness until it neared the intersection.

Here also there is a conflict of testimony. Khaton, the disinterested witness, says that both cars had their lights burning before the accident. Both Devezen and the plaintiff also testified that their headlights were burning. As against this evidence, we have the statement of Joseph Long, Jr., to the contrary, who stated "I can't recall having (seen) any headlights on the other car at all; I did see the car when it was a very short distance from me to the right; but if it did have lights I could have avoided the accident", and the statement of Officer Gosling, Moncada and Long to the effect that the lights would not burn after the accident, but, of course, the jar incident to the capsizing of the Devezen car (it turned over after the accident) may have affected its lighting system. ·

However, the trial court held that the lights were not burning and, on this question, as well as that relating to the Long car stopping at the intersection, we are unable to say that the court was guilty of manifest error in this finding of fact.

Our conclusion is that since the plaintiff has failed to establish negligence on the part of the driver of the Long car, he cannot recover, consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.